CLARK (SHERMAN v.). See Case No. 12,-763.

CLARK v. SICKEL. See Case No. 2,862.

## Case No. 2,834.

### CLARK v. SKILTON et al.

[20 Int. Rev. Rec. 175.]

District Court, D. Massachusetts. Sept. Term, 1874.

BANKRUPTCY—DEALINGS WITH INSOLVENT — PREFERENCE.

[Creditors receiving from an insolvent a larger per cent. of their debts than the apparent assets would give to all are bound to be very careful that they do not obtain preference.]

[Cited in Re Hamilton, 1 Fed. 807.]

This action was brought, under section 35 of the bankrupt act of 1867 [14 Stat. 534], to recover money alleged to have been paid to the defendants [William E. Skilton and —— Dole] by Black, Currier and Osgood, insolvent debtors, (as a preference). The case was tried by jury, and, after verdict for plaintiff [A. B. Clark, assignee], came up on motion for a new trial.

E. P. Nettleton and S. K. Hamilton, for plaintiff.

Edward Avery, for defendants.

LOWELL, District Judge. The motion for a new trial is made on the ground that the verdict is against the evidence and the weight of evidence. The case was a very unusual one. The bankrupts had failed, and sold out their stock under suspicious circumstances, and offered their creditors forty per cent. of their debts. Some of the creditors insisted that they ought to pay more, and they then offered fifty per cent. A paper was drawn up and signed by most of the larger creditors, agreeing to take fifty per cent. of their respective debts in fourteen days. The defendants and two or three others received their dividends, and then it was found that the debtors either could not, or would not, pay the others, and within four months they were forced into bankruptcy. Here was an admitted insolvency, and knowledge of it by the defendants, and a payment that was in fact a preference. This may have come about in several ways. It may be that the bankrupts had honestly offered more than they were able to perform; or they may have offered not intending to perform, or circumstances may have changed after the offer was made. I ruled that the bankrupts having been admittedly insolvent, and to the knowledge of the defendants, the intent to prefer would be shown by evidence that they were either knowingly unable or unwilling to pay fifty per cent. to all their creditors,

and that if the defendants had reasonable cause to believe such inability or unwillingness, if such there were, they would be bound to refund the payment, but, if there was reason to believe that they were both able and willing to treat alike, the intent and notice would not be made out. Neither party objected to this ruling. The jury found for the plaintiff.

I am not prepared to say that the verdict can be set aside. There are many cases in which a verdict either way cannot be said to be against evidence, in the sense of a motion of this kind. This is one of them. There was evidence which, I think, would warrant the jury to infer that the traders could not pay so large a dividend as they had offered, and that the defendants had their doubts about it. Two or three of the preferred creditors insisted upon a better offer than the showing of the debtors warranted. There was some ground for the inference that they believed that somewhere or other were assets from which this amount could be furnished. This was not enough. If they insisted on a larger payment than the apparent assets would give, they were bound to be very careful that they were not obtaining a preference. The defendants took no pains about the matter, but took their fifty per cent. and went their way with facts before them which would warrant the jury to find that they had reason to believe that the transaction would operate as a preference. Motion for new trial denied.

[NOTE. The preference was thereafter paid to the assignees on execution, and subsequently the defendants were allowed to prove their debt against the bankrupt estate. See In re Black, Case No. 1,459.]